1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10   CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
11
12
13
14
15   KATHERINE D. WALL,              ) Case No. CV 09-02807 (SH)
                                     )
16               Plaintiff,          ) MEMORANDUM  DECISION
                                     )
17          v.                       )
                                     )
18   MICHAEL ASTRUE, Commissioner,)
19   Social Security Administration, )
                                     )
20               Defendants.         )
                                     )
21   ——————————————————————
22        This matter is before the Court for review of the Decision by the ALJ
23   denying plaintiff's application for Disability Insurance Benefits under Sections
24   216(i) and 223 of the Social Security Act.  Pursuant to 28 U.S.C. § 636(c), the
25   parties have consented that the case may be handled by the undersigned.  The
26   action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter
27   judgment upon the pleadings and transcript of the record before the
28   Commissioner.  Plaintiff and defendant have filed their pleadings (Plaintiff's

1

Brief; Memorandum in Support of Defendant's Answer), and the defendant has filed the certified transcript of record.

## **BACKGROUND**

On March 13, 2006, plaintiff Katherine D. Wall filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since June 15, 1998 due to chemical sensitivity and depression. (Administrative Record ["AR"] 110-14, 118-24). On June 27, 2008, an Administrative Law Judge ("ALJ") found that plaintiff had one severe impairment, a chemical sensitivity, and determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 11-21).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing Decision on February 27, 2009 (AR 1-4), plaintiff filed an action in this Court.

Plaintiff makes four challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred in (1) failing to give appropriate weight to the opinions of plaintiff's treating physician; (2) determining plaintiff's Residual Functional Capacity ("RFC"); (3) determining that plaintiff could return to her past relevant work; and (4) finding that plaintiff's testimony regarding her limitations were not credible. Plaintiff also claims that there is new and material evidence that warrants reversing the ALJ's Decision.

For the reasons discussed below, the Court concludes that the Decision of the ALJ should be affirmed.

## **ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to give appropriate weight to the diagnoses and opinion of her treating physician, Dr. George M. Ewing ("Dr. Ewing"). Defendant argues that the ALJ gave appropriate weight to plaintiff's

1  treating physician.

2      Dr. Ewing practices in the areas of asthma, allergy and immunology. (See

3  AR 215). Dr. Ewing has been treating plaintiff since June 15, 1998. (See id.).

4  In an allergy evaluation dated June 15, 1998, Dr. Ewing diagnosed plaintiff with

5  multiple chemical sensitivity. (See AR 225-229). In a letter dated August 25,

6  1998, Dr. Ewing stated that plaintiff had severe multiple chemical sensitivities

7  that were highly reactant to many types of environmental chemicals and

8  pollutants including tobacco smoke, exhaust fumes, paint odors, carpet odors,

9  fabric odors and all types of mildew and mold spores. (See AR 316). In a letter

10 dated September 14, 2007, Dr. Ewing encouraged plaintiff to reconsider

11 reapplying for Social Security Benefits, based on his belief that plaintiff would

12 likely be considered disabled. (See AR 338). In a Physical Residual Functional

13 Capacity Questionnaire dated September 21, 2007, Dr. Ewing stated that plaintiff

14 would miss work more than three times a month. (See AR 330-34). In the

15 functional capacity assessment conducted by Dr. Ewing on September 21, 2007,

16 he noted that plaintiff would have only a slight limitation in the ability to deal

17 with work stress, that plaintiff must avoid all volatile chemicals, and marked

18 "N/A" with respect to restrictions against lifting, carrying, sitting, standing, and

19 walking, which suggested that plaintiff had an unlimited capacity in these

20 exertional areas. (See 330-34).

21      Clear and convincing reasons are required to reject the treating doctor's

22 ultimate opinions. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The ALJ

23 may disregard the treating physician's opinion whether or not that opinion is

24 contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). If the

25 treating doctor's ultimate opinion is not supported by his progress notes, the ALJ

26 is not required to give substantial weight to the treating doctor's opinion. See

27 Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (finding that the ALJ

28

3

1  properly rejected the treating physician's opinion when that opinion was

2  contradicted by or inconsistent with the treatment reports).

3       Here, the ALJ provided clear and convincing reasons for rejecting Dr.

4  Ewing's ultimate conclusion that plaintiff should be considered disabled.  As

5  discussed by the ALJ (see AR 18), Dr. Ewing's opinion was inconsistent with his

6  own statement that plaintiff's symptoms were generally controlled with

7  medication (see AR 215-16) [Dr. Ewing's May 21, 2001 letter stating that

8  plaintiff's use of Benadryl every 4-6 hours, Xanax every 6 hours, Alka-Seltzer

9  Gold 1 to 3 times a day, and antihistamines in the form of Claritin once a day

10  generally controlled her symptoms, particularly when she had flare ups from

11  chemical exposures]; and (see AR 335-39) [Dr. Ewing's September 21, 2007

12  letter stating that plaintiff's diagnosis of multiple chemical sensitivity was

13  "adequately controlled."]  See Warre v. Comm'r of the Soc. Sec. Admin., 439

14  F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively

15  with medication are not disabling for the purpose of determining eligibility for

16  SSI benefits.").

17       Additionally, the ALJ found that Dr. Ewing's September 21, 2007

18  functional capacity assessment was inconsistent with his disability opinion.  (See

19  AR 20).  Even though the ALJ essentially concurred with Dr. Ewing's RFC

20  assessment, the ALJ properly found Dr. Ewing's statement that plaintiff would

21  miss work more than three days a month (see AR 330-34) was not supported by

22  objective evidence and was simply conclusory (see AR 20).  See Thomas v.

23  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the

24  opinion of any physician, including a treating physician, if that opinion is brief,

25  conclusory, and inadequately supported by clinical findings.").

26       The ALJ's RFC assessment was based on the following objective

27  evidence: Dr. Concepcion A. Enriquez's May 11, 2006 consultative medical

28

4

examination finding that plaintiff could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk with normal breaks for six hours in an eight-hour workday, and sit with normal breaks for six hours in an eight-hour day (see AR 19, 268-72); plaintiff's testimony that when she left the situations causing reactions, i.e., going into clean air, her symptoms cleared up in a few minutes to about one hour (see AR 19, 32); Dr. Sami Nafoosi's expert testimony that plaintiff's symptoms were relieved with antihistamines within a few minutes to within a period of less than five days, that none of these symptoms resulted in a need for hospitalizations or emergency rooms, and that plaintiff had an acute neurological episode and symptomotology which was resolved with antihistamines, and that plaintiff did not have what was typically observed in an emergency room such as skin rashes and shortness of breath (see AR 19, 33).  See Magallanes v. Bowen, supra 881 F.2d at 752 (the reports of consultative physicians called in by the Secretary may serve as substantial evidence); See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) (the ALJ may rely on nontreating, nonexamining physicians, and such reliance can amount to substantial evidence so long as there is other evidence in the record to support the ALJ's findings).

In sum, the ALJ properly rejected plaintiff's treating physician's ultimate opinion based on substantial evidence in the record.

**ISSUE NO. 2:**

Plaintiff asserts that the ALJ erred in determining plaintiff's RFC. Defendant asserts that the ALJ's assessment of plaintiff's RFC was supported by substantial evidence.

A plaintiff's RFC indicates what she can still do despite the limitations caused by her medical impairments.  20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).  The RFC must be supported by substantial evidence, which may

include a consultative medical examiner's report.  <u>Bayliss v. Barnhart</u> 427 F.3d 1211, 1217 (9th Cir.2005).  "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony." <u>Magallanes v. Bowen</u>, <u>supra</u>, 881 F.2d at 750.  The findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings.  <u>Saelee v. Chater</u>, <u>supra</u>.

Here, the ALJ found that plaintiff had the RFC to perform a full range of work at all exertional levels except that she should avoid concentrated exposure to sudden severe temperature changes, dust, fumes and gas, and chemical exposure on her hands.  (AR 17).

The ALJ's assessment was supported by substantial evidence including: Dr. Ewing's May 21, 2001 letter stating that plaintiff's use of Benadryl every 4-6 hours, Xanax every 6 hours, Alka-Seltzer Gold 1 to 3 times a day, and antihistamines in the form of Claritin once a day generally controlled her symptoms (<u>see</u> AR 18); Dr. Ewing's September 21, 2007 stating that plaintiff's diagnosis of multiple chemical sensitivity was "adequately controlled" (<u>see</u> AR 18, 335-39); Dr. Ewing's September 21, 2007 functional capacity assessment noting that plaintiff would have only a slight limitation in her ability to deal with work stress, and marking "N/A" with respect to restrictions against lifting, carrying, sitting, standing, and walking, which suggested that plaintiff had an unlimited capacity in these areas (<u>see</u> AR 20, 330-34); Dr. Enriquez's May 11, 2006 consultative medical examination finding that plaintiff could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk with normal breaks for six hours in an eight-hour workday, and sit with normal breaks for six hours in an eight-hour day (<u>see</u> AR 19, 268-72); plaintiff's testimony that when she left situations causing reactions, i.e., going into clean air, her symptoms cleared up in a few minutes to about one hour (<u>see</u> AR 19, 32);

1  and Dr. Nafoosi's expert testimony that plaintiff's symptoms were relieved with

2  antihistamines within a few minutes to within a period of less than five days (see

3  AR 19, 33).

4    **ISSUE NO. 3**

5    Plaintiff asserts that the ALJ erred in determining that she could return to

6  her past relevant work. Defendant asserts that the ALJ properly determined that

7  plaintiff could return to her past type of relevant work.

8    Contrary to plaintiff's assertions (see Plaintiff's Brief at 3), the ALJ did

9  not state that plaintiff could return to work as a sales representative for Avon, nor

10  a sales position at the floral companies where she previously worked.  Rather, the

11  ALJ found that the plaintiff could perform past relevant work as an enumerator

12  and a retail sales person with the limitation that she should avoid concentrated

13  exposure to sudden severe temperature changes, dust, fumes and gas, and

14  chemical exposure on her hands.  (AR 17).

15    "The [plaintiff] has the burden of proving an inability to return to [her]

16  former *type* of work and not just to [her] former job." Villa v. Heckler, 797 F.2d

17  794, 798 (9th Cir. 1986) (emphasis in original). A plaintiff must be able to

18  perform her past relevant work either as actually performed or as generally

19  performed in the national economy.  Lewis v. Barnhart, 281 F.3d 1081, 1083

20  (9th Cir. 2002). "To determine whether a [plaintiff] has the [RFC] to perform her

21  past relevant work, the ALJ must  as certain the demands of the plaintiff's

22  former work and then compare the demands with her present capacity." Villa v.

23  Heckler, supra, 797 F.2d at 797-98.

24    Here, the ALJ determined that plaintiff could return to work as an

25  enumerator and a retail sales person with limitations based on the vocational

26  expert's testimony (AR 20, 47-57).  The ALJ's reliance on the vocational expert

27  testimony was proper because the vocational expert took into account all of

28

7

plaintiff's RFC limitations.  <u>See Bayliss v. Barnhart</u>, <u>supra</u>, 427 F.3d at 1217-18 (the ALJ may rely on vocational expert testimony given in response to hypotheticals which contain all limitations that ALJ found credible and supported by substantial evidence).

**ISSUE NO. 4:**

Plaintiff asserts that the ALJ erred in finding that plaintiff's testimony regarding her limitations was not credible.  Defendant asserts that the ALJ provided clear and convincing reasons for finding plaintiff not credible.

Unless there is affirmative evidence of malingering, an ALJ must give specific, clear and convincing reasons to reject allegations of subjective disabling symptoms.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1283-84 (9th Cir. 1996).  "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing."  <u>Thomas v. Barnhart</u>, <u>supra</u>, 278 F.3d at 959.  Daily activities may be reason to discredit an  excess pain allegation if plaintiff is able to spend a substantial part of the day performing activities that are transferable to a work setting.  <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989).

There was substantial evidence in the record that supported the ALJ's finding regarding plaintiff's lack of credibility, specifically: Dr. Ewing's May 21, 2001 and September 21, 2007 letters stating that plaintiff's symptoms were adequately controlled when she took her medication, as discussed above (<u>see</u> AR 18, 215-16, 335-39); Dr. Ewing's September 21, 2007 functional capacity assessment noting that plaintiff would have only a slight limitation in the ability to deal with work stress, and marked "N/A" with respect to restrictions against lifting, carrying, sitting, standing, and walking, which suggested that plaintiff had an unlimited capacity in these areas (<u>see</u> AR 20, 330-34); Dr. Enriquez's May 11, 2006 consultative medical examination finding that plaintiff could

occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk with normal breaks for six hours in an eight-hour workday, and sit with normal breaks for six hours in an eight-hour day (see AR 19, 268-72); Dr. Nafoosi's expert testimony that plaintiff's symptoms are relieved with antihistamines within a few minutes to within a period of less than five days (see AR 19, 33); and plaintiff's testimony that when she left the situations causing reactions, i.e., going into clean air, her symptoms cleared up in a few minutes to about one hour (see AR 19, 32).  See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (The ALJ may consider at least the following factors when weighing the plaintiff's credibility: "[plaintiff's] reputation for truthfulness, inconsistencies either in [plaintiff's] testimony or between [her] testimony and [her] conduct, [plaintiff's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [plaintiff] complains.").  Additionally, the ALJ's credibility determination was supported by the fact that plaintiff declined to follow Dr. Ewing's recommendation to walk on a daily basis (see AR 19, 259-61).  See 20 C.F.R. §§ 404.1530(a), 416.930(a)  ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

Although in her administrative appeal and her brief plaintiff gave reasons why she did not initially follow prescribed care; why she sold Avon products and worked as a hairdresser subsequent to the alleged onset date of disability; and why she was able to go the mall, movie theater, out to dinner, travel to Hawaii, and stay in hotels with carpets and furnishings covered by fabric (see AR 181-87, Plaintiff's Brief at 3-4), the evidence in the record nonetheless supported the ALJ's credibility determination.

**ISSUE NO. 5:**

Plaintiff asserts that there is new and material evidence which supports reversing the ALJ's Decision. Defendant argues that plaintiff failed to meet her burden of showing that the evidence is material. Defendant further argues that plaintiff failed to establish good cause for her failure to submit the documents prior to the ALJ's Decision.

After the ALJ's Decision, plaintiff's September 30, 2008 letter to the Appeals Council included a letter and an Environmental Limitations Questionnaire from her treating physician, Dr. Ewing. (AR 340-43). Dr. Ewing's September 29, 2008 letter stated, inter alia, the following: while plaintiff initially did not follow his recommendations, she had followed his advice for the last ten years; plaintiff did not fulfill her oxygen prescription because the cost was prohibitive in that she would have had to pay $800 out of pocket; even though plaintiff worked as an Avon sales representative after the alleged onset date, the odors and chemicals from the makeup caused plaintiff to have severe abdominal cramps and recurrent headaches; Benadryl and over-the-counter Claritin antihistamines seemed to give plaintiff some temporary relief when she was exposed to chemicals; and that plaintiff "will never be able to successfully hold any type of job where she is exposed to any type of chemical odors or fumes." (AR 342-43). Dr. Ewing's September 29, 2008 Environmental Limitations Questionnaire stated, inter alia, that plaintiff should avoid concentrated exposure to extreme cold, extreme heat and high humidity, that plaintiff should avoid all exposure to cigarette smoke, perfumes, soldering fluxes, solvents/cleaners, fumes, odors, gages, dust and chemicals, and that it will be "impossible to find any job free of chemical exposures." (AR 340-41).

A plaintiff seeking remand must show that there is "new evidence which is material, and that there is good cause for the failure to incorporate such evidence

10

into the record in a prior proceeding." <u>Clem v. Sullivan</u>, 894 F.2d 328, 332 (9th Cir. 1990).  To be material, "the new evidence must bear directly and substantially on the matter in dispute" and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." <u>Mayes v. Massanari</u>, 276 F.3d 453, 462 (9th Cir. 2001).  Evidence is new and material only where it relates to the period on or before the date of the ALJ's Decision.  <u>See</u> 20 C.F.R. § 404.970(b).  "[R]eports containing observations made after the period of disability are relevant to assess the [plaintiff's] disability.  It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." <u>Smith v. Bowen</u>, 849 F.2d 1222, 1225 (9th Cir. 1988); <u>Kemp v. Weinberger</u>, 522 F.2d 967, 969 (9th Cir. 1975).  The Regulations state that medical reports should include: "(1) Medical history; (2) Clinical findings (such as the results of physical or mental states examinations); (3) Laboratory findings (such as blood pressure, x-rays): (4) Diagnosis (statement of disease or injury based on its signs and symptoms); (5) Treatment prescribed with response, and prognosis; and (6) A statement about what you can still do despite your impairment(s)…" 20 C.F.R. § 404.1513(b).  The good cause requirement is satisfied if new information surfaces after the Commissioner's final Decision, and the plaintiff could not have obtained that evidence at the time of the administrative proceeding.  <u>Key v. Heckler</u>, 754 F.2d 1545, 1551 (9th Cir. 1985).

Here, plaintiff has failed to demonstrate that there was a reasonable possibility that Dr. Ewing's letter and Environmental Limitations Questionnaire would have changed the outcome of the administrative hearing.  Dr. Ewing's conclusions about plaintiff's limitations were not supported by any explanations. <u>See</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 253 (9th Cir. 1996) (An ALJ can properly reject a doctor's opinion when the doctor's reports do not contain any

explanations of the bases of their conclusions.)  In addition, Dr. Ewing's statements contained in the letter and Questionnaire were inconsistent with his prior statements that plaintiff's chemical sensitivity was adequately controlled with medication (see AR 215-16, 335-39).  Also, as discussed above, the ALJ's determination about plaintiff's RFC did take into account plaintiff's chemical sensitivities.  (AR 17).

Moreover, assuming arguendo that the new evidence was "material," plaintiff has failed to satisfy the "good cause" requirement.  Plaintiff has failed to provide an explanation to the Appeals Council or to this Court as to why she failed to submit the evidence at the time of the administrative proceeding.  (See AR 181-87; Plaintiff's Brief at 2).

<u>ORDER</u>

For the foregoing reasons, the Decision of the ALJ is affirmed.

DATED: July 13, 2010

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE  JUDGE

12